UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Llewelen Smith,                              )
                                             )
                Plaintiff,                   )
                                             )     Case: 1:16-cv-00691
        v.                                   )     Assigned To : Unassigned
                                             )     Assign. Date : 4/13/2016
                                             )     Description: Pro Se Gen. Civil
United States of America,                    )
                                             )
                Defendant.                   )

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint and an application to proceed *in forma pauperis*. The Court will grant the application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff sues the United States for the dismissal of his action for a writ of habeas corpus by the United States District Court for the Middle District of Florida. *See* Compl. at 1, 4 (page numbers supplied). The complaint is based entirely on decisions rendered by that court. Plaintiff seeks declaratory and injunctive relief and monetary damages. *See id.* at 6.

A court may declare rights only "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201. This Court lacks jurisdiction to review the decisions of its sister courts. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C.1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (noting that "[b]y filing a complaint in this Court against federal judges who have done nothing more than

3

their duty . . . Fleming has instituted a meritless action") (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Judges, moreover, are absolutely immune from suit for monetary damages based on actions, such as alleged here, taken in their judicial capacity and within their jurisdiction. *See Mirales v. Waco*, 502 U.S. 9, 11-12 (1991); *Thanh Vong Hoai v. Superior Court for District of Columbia*, 344 Fed. Appx. 620 (D.C. Cir. 2009) (per curiam); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993).

To the extent that plaintiff is suing the United States for monetary damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, *see* Compl. ¶ D2, the claim is barred because "the United States [is] entitled to assert any defense based upon judicial . . . immunity which otherwise [is] available to the employee of the United States whose act or omission gave rise to the claim.]" 28 U.S.C.A. § 2674. In addition, the doctrine of sovereign immunity bars any such claim to the extent that it is based on a constitutional violation (Compl., Statement of Claim at 2). *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994). Consequently, this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

DATE: April __12__, 2016

_____
United States District Judge

2